THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

BENJAMIN B. WAGNER
United States Attorney

T. CHRISTIAN HERREN, JR.
ABEL GOMEZ
JAYE ALLISON SITTON (D.C. Bar # 453655)
OLIMPIA E. MICHEL (N.Y. Bar # 4358321)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB 7254
Washington, D.C.  20530
Telephone:  (202) 305-4143
Facsimile:  (202) 307-3961

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; and DEBRA BOWEN, SECRETARY OF STATE OF CALIFORNIA, in her official capacity,<br><br>                Defendants. | CASE NO. 2:<br><br>**COMPLAINT** |

The United States of America alleges:

1. This action is initiated by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") of 1986, 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act ("MOVE Act") of 2009, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-35 (2009).

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. §1973ff-4, and brings this action for declaratory and injunctive relief to ensure that absent uniformed services voters and overseas voters ("UOCAVA voters") will have the opportunity to vote guaranteed by UOCAVA in California's 2012 elections for Federal office and in future elections for Federal office.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

4. Defendant State of California is charged with the responsibility of complying with UOCAVA and ensuring that validly-requested absentee ballots are transmitted to UOCAVA voters in accordance with its terms.  42 U.S.C. § 1973ff-1.

5. Defendant Debra Bowen is sued in her official capacity as the Secretary of State of the State of California.  The Secretary of State is California's chief election officer.  Cal. Elec. Code § 10 (West 2012); Cal. Gov't Code § 12172.5 (West 2012).  The Secretary of State is, among other things, charged with administering the provisions of the Elections Code and ensuring that elections are efficiently conducted.  Cal. Gov't Code § 12172.5.

6. The principal office of the Secretary of State's Elections Division is in Sacramento, California.

7. In 2009, Congress passed the MOVE Act, which amended UOCAVA to require that absent uniformed services voters and overseas voters be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1(a)(1).

8. UOCAVA requires that states transmit all validly-requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA.  See 42 U.S.C. §§ 1973ff-1(a)(8) & (g).  The State of California neither sought nor received a hardship exemption under UOCAVA for any Federal election in 2012.

9. UOCAVA requires that states establish procedures to transmit blank absentee ballots by mail and electronically in accordance with the preferred method of transmission designated by the UOCAVA voter in Federal elections.  42 U.S.C. §1973ff-1(f)(1)(A).

10. UOCAVA also provides that each state shall establish procedures by which a UOCAVA voter can "designate whether the voter prefers that such blank absentee ballot be transmitted by mail or

1  electronically." 42 U.S.C. § 1973ff-1(f)(1)(B).

2  11. California will hold a Federal primary election on June 5, 2012.

3  12. The deadline for transmission of absentee ballots to UOCAVA voters who had requested them at least 45 days before the June 5, 2012 Federal primary election was April 21, 2012.

13. Counties of the State received timely requests for absentee ballots on or before the 45th day prior to the June 5, 2012 Federal primary election from voters who are entitled to vote pursuant to the provisions of UOCAVA.

14. State law requires that ballots from all voters, including UOCAVA voters, must be received by local elections officials by the close of polls on Election Day to be counted in the election. Cal. Elec. Code §§ 3017, 3311 (West 2012). For the June 5, 2012 Federal primary election, the UOCAVA ballots must be received by 8:00 p.m. on June 5, 2012.

15. The California Secretary of State's office has provided information to the United States regarding counties that failed to send all of their UOCAVA ballots by the deadline of April 21, 2012 – 45 days before the June 5, 2012 Federal primary election.

16. According to the Secretary of State's reports, 11 of California's 58 counties (Contra Costa, Fresno, Modoc, San Diego, San Francisco, San Mateo, Shasta, Sierra, Tehama, Trinity, and Ventura) failed to transmit ballots by the 45-day deadline of April 21, 2012, to some or all UOCAVA voters who had requested ballots by that date. In all, California transmitted a total of 8,249 ballots after the statutory deadline.

28. After the 45-day deadline, eight of the 11 late-transmitting counties (Contra Costa, Modoc, San Diego, San Francisco, San Mateo, Sierra, Trinity, and Ventura) took some remedial steps by sending or resending some or all of their UOCAVA ballots by express mail and three of these counties also offered their voters the option to return their ballot by Federal Express at county expense.

29. Defendants' failure to transmit absentee ballots to UOCAVA voters who requested them by April 21, 2012, the 45th day before the June 5, 2012 Federal primary election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

30. The State of California failed to establish or implement adequate procedures to transmit absentee ballots by mail and electronically in accordance with the preferred method of transmission designated by

Complaint

3

1  the voter, in violation of Section 102(f)(1)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(f)(1)(A).

2  31.    For the June 5, 2012 federal primary election, Contra Costa County election officials transmitted ballots electronically to all UOCAVA voters for whom they had an email address, regardless of the method of delivery requested by the voter.  Although the county later transmitted ballots according to the voters' preferences, that transmission occurred after the 45-day deadline had passed.

32.    Information provided to the United States by the Secretary of State's office shows that at least 11 counties (Butte, Contra Costa, Fresno, Imperial, Kern, Kings, Modoc, Nevada, Siskiyou, Sonoma, and Yuba) have a stated practice that fails to ensure that a UOCAVA voter's preferred method for receiving a blank absentee ballot is honored.  Officials in three of these counties (Kern, Kings, and Nevada) admit that they have no systematic way to track the method of transmission designated by the voter, and consequently, are unable to confirm whether the application of their stated practice resulted in all UOCAVA voters receiving ballots by the method they chose.

33.    The State's failure to establish or implement adequate procedures that ensure absentee ballots are transmitted according to the preferred method designated by the voter constitutes a violation of Section 102(f)(1)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(f)(1)(A).

34.    An order of this Court is necessary requiring Defendants to take corrective action to protect the rights granted by UOCAVA and to ensure that the State's UOCAVA voters have sufficient time to receive, mark, and submit their ballots in time to have them counted for the June 5, 2012 Federal primary election.

35.    An order of this Court is necessary requiring Defendants to take corrective action to protect the rights granted by UOCAVA by establishing and implementing adequate procedures to ensure that the State transmits absentee ballots according to the preferred method designated by the voter.

WHEREFORE, the United States asks this Court to hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201, and:

(1)    Issue a declaratory judgment under 28 U.S.C. § 2201 that California's failure to ensure that absentee ballots were transmitted to UOCAVA voters by April 21, 2012 for the June 5, 2012 Federal primary election and to establish or implement adequate procedures to ensure that absentee ballots are transmitted according to the preferred method designated

by the voter constitutes a violation of Sections 102(a)(8)(A) and 102(f)(1)(A) of UOCAVA, 42 U.S.C. §§ 1973ff–1(a)(8)(A), 1973ff-1(f)(1)(A).

(2)   Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

   (a)   To take such steps as are necessary to ensure that UOCAVA voters shall have sufficient time to receive, mark, and submit their ballots in time to have them counted in the June 5, 2012 Federal primary election;

   (b)   To take such steps as are necessary to establish and implement adequate procedures that ensure absentee ballots are transmitted according to the preferred method designated by the UOCAVA voter;

   (c)   To take such steps as are necessary to afford UOCAVA voters who are eligible to participate in the State's June 5, 2012 Federal primary election a reasonable opportunity to learn of this Court's order;

   (d)   To report to the United States and the Court concerning the transmission, receipt, and counting of UOCAVA ballots, by county, and related procedures, for the June 5, 2012 Federal primary election pursuant to this Court's order within 45 days after the election; and

   (e)   To take such other steps as are necessary to assure that the State conducts all future Federal elections in full compliance with UOCAVA, including requiring Defendants to provide pre- and post-election reports to the United States as to its UOCAVA compliance efforts for future Federal elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Complaint

5

Date: May 25, 2012.


| | |
|---|---|
| THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division | BENJAMIN B. WAGNER<br>United States Attorney |


*/s/ Olimpia E. Michel*
T. CHRISTIAN HERREN, JR.
ABEL GOMEZ
JAYE ALLISON SITTON (D.C. Bar # 453655)
OLIMPIA E. MICHEL (N.Y. Bar # 4358321)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB 7254
Washington, D.C.  20530
Telephone:  (202) 305-4143
Facsimile:  (202) 307-3961