THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

BENJAMIN B. WAGNER
United States Attorney

T. CHRISTIAN HERREN, JR.
ABEL GOMEZ
JAYE ALLISON SITTON (D.C. Bar # 453655)
OLIMPIA E. MICHEL (N.Y. Bar # 4358321)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB 7254
Washington, D.C.  20530
Telephone:  (202) 305-4143
Facsimile:  (202) 307-3961

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  12-CV-1427 WBS |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| THE STATE OF CALIFORNIA; and DEBRA BOWEN, SECRETARY OF STATE OF CALIFORNIA, in her official capacity, | |
| Defendants. | |

Plaintiff United States of America ("United States") initiated this action against the State of California (the "State") and the State of California's Secretary of State, Debra Bowen, in her official capacity ("Secretary of State"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7.  The United States alleges violations of UOCAVA arising from the failure in 11 counties—despite repeated notifications by the

Consent Decree                                             1

Secretary of State—to transmit absentee ballots to all absent uniformed services voters and overseas voters by the 45th day before the June 5, 2012 Federal primary election.  Absent corrective action, some UOCAVA voters from California will not be provided sufficient time to receive, mark, and submit their ballots in time to have those ballots counted in the June 5, 2012 Federal primary election.  Additionally, the United States alleges that the State has failed to establish or implement adequate procedures that ensure absentee ballots are transmitted according to the preferred method designated by the voter, as required by the statute.  42 U.S.C. § 1973ff-1(f)(1)(A).

The United States and the Secretary of State ("the parties"), through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation.  The parties share the goal of providing UOCAVA voters with sufficient opportunity to participate in the June 5, 2012 Federal primary election and subsequent Federal elections.  Accordingly, the parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA violations alleged by the United States.  Accordingly, the United States and the Secretary of State stipulate and agree that:

1.      This action is brought by the Attorney General on behalf of the United States pursuant to UOCAVA, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act").  UOCAVA provides that absent uniformed services voters and overseas voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office."  42 U.S.C. § 1973ff-1.

2.      The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and this Court has jurisdiction of this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3.      The State of California is charged with the responsibility of complying with UOCAVA, and ensuring that validly-requested absentee ballots are transmitted to UOCAVA voters in accordance with its terms.  42 U.S.C. § 1973ff-1.

4.      Debra Bowen is sued in her official capacity as the Secretary of State of the State of California.  The Secretary of State is California's chief elections officer.  Cal. Elec. Code § 10 (West 2012); Cal.

1  Gov't Code § 12172.5 (West 2012).  The Secretary of State is, among other things, charged with
2  administering the provisions of the Elections Code and ensuring that elections are efficiently conducted.
3  Cal. Gov't Code § 12172.5.

4  5.     The Secretary of State represents that each of California's 58 counties has its own chief elections
5  official who is either independently elected or hired by an independently elected Board of Supervisors.

6  6.     Section 102(a)(8) of UOCAVA requires that States transmit validly requested ballots to
7  UOCAVA voters not later than 45 days before an election for Federal office when the request is received
8  at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of
9  UOCAVA, 42 U.S.C. § 1973ff-1(g).  42 U.S.C. § 1973ff-1(a)(8).  California did not seek or obtain a
10 hardship exemption for the June 5, 2012 Federal primary election.

11 7.     UOCAVA requires that States establish procedures to transmit blank absentee ballots by mail and
12 electronically in accordance with the preferred method of transmission designated by the UOCAVA voter
13 in Federal elections.  42 U.S.C. § 1973ff-1(f)(1)(A).

14 8.     UOCAVA also provides that each state shall establish procedures by which UOCAVA voters can
15 designate whether the voter prefers that such blank absentee ballot be transmitted by mail or
16 electronically.  42 U.S.C. § 1973ff-1(f)(1)(B).

17 9.     On June 5, 2012, the State will conduct a Federal primary election.

18 10.    Counties of the State received timely requests for absentee ballots on or before the 45th day prior
19 to the June 5, 2012 Federal primary election from voters who are entitled to vote pursuant to the
20 provisions of UOCAVA.

21 11.    The deadline for transmission of absentee ballots to UOCAVA voters who had requested them at
22 least 45 days before the June 5, 2012 Federal primary election was April 21, 2012.

23 12.    State law requires that ballots from all voters, including UOCAVA voters, must be received by
24 local elections officials by the close of polls on Election Day to be counted in the election.  Cal. Elec.
25 Code §§ 3017, 3311 (West 2012).  For the June 5, 2012 Federal primary election, the UOCAVA ballots
26 must be received by 8:00 p.m. on June 5, 2012.

27 13.    The California Secretary of State's office has provided information to the United States regarding
28 counties that failed to send all of their UOCAVA ballots by the deadline of April 21, 2012 – 45 days

Consent Decree                                            3

before the June 5, 2012 Federal primary election.

14.    According to the Secretary of State's reports, 11 of California's 58 counties (Contra Costa, Fresno, Modoc, San Diego, San Francisco, San Mateo, Shasta, Sierra, Tehama, Trinity, and Ventura) failed to transmit ballots by the 45-day deadline of April 21, 2012, to some or all UOCAVA voters who had requested ballots by that date.  The number of UOCAVA ballots transmitted late in each county ranges from one to 5,565.  In all, California transmitted a total of 8,249 ballots after the 45-day deadline.  After the deadline, eight of the 11 late-transmitting counties (Contra Costa, Modoc, San Diego, San Francisco, San Mateo, Sierra, Trinity, and Ventura) took some remedial steps by sending or resending some or all of their UOCAVA ballots by express mail, and three of the 11 counties (Contra Costa, San Diego, and Ventura) also offered their voters the option to return their ballot by Federal Express at county expense.

15.     Of the 8,249 ballots transmitted after the 45-day deadline, the majority were transmitted within two days after the deadline.  A total of 5,456 ballots were transmitted by Fresno, San Francisco, and Shasta Counties by the 43rd day before the June 5, 2012 Federal Primary Election.  517 ballots were transmitted by Modoc, Sierra, San Francisco, Tehama, and Ventura Counties by the 41st day.  739 ballots were transmitted by San Mateo County on the 39th day.  Forty-one ballots were transmitted after the 39th day before the June 5, 2012 Federal Primary Election (Trinity with 28 and San Diego with 13).  Contra Costa initially sent 1,496 ballots via email on the 43rd and 42nd day before the June 5, 2012 Federal Primary Election to all voters for whom they had an email address, but later re-transmitted  all its ballots according to the voters' preferences.

16.    The failure to transmit absentee ballots to UOCAVA voters who requested them by April 21, 2012, the 45th day before the June 5, 2012 Federal primary election, constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

17.    The failure to establish or implement adequate procedures to transmit absentee ballots by mail and electronically in accordance with the preferred method of transmission designated by the voter constitutes a violation of Section 102(f)(1)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(f)(1)(A).  For the June 5, 2012 Federal primary election, Contra Costa County election officials transmitted ballots electronically to all UOCAVA voters for whom they had an e-mail address, regardless of the method of delivery requested by the voter.  Although the county later transmitted ballots according to the voters' preferences, that

Consent Decree                                           4

transmission occurred after the 45-day deadline had passed.  Further, information provided to the United States by the Secretary of State's office shows that at least 11 counties (including Butte, Contra Costa, Fresno, Imperial, Kern, Kings, Modoc, Nevada, Siskiyou, Sonoma, and Yuba) have a stated practice that fails to ensure that a UOCAVA voter's preferred method for receiving a blank absentee ballot is honored. Officials in Kern, Kings, and Nevada counties admit that they have no systematic way to track the method of transmission designated by the voter and consequently these counties are unable to confirm whether the application of their stated practice resulted in all UOCAVA voters receiving ballots by the method they chose.

18.     The Secretary of State's office confirmed with Butte Fresno, Imperial, Modoc, Siskiyou, Sonoma, and Yuba counties that these counties did in fact transmit their UOCAVA ballots via the voter's preferred method.

19.     The failure to establish or implement adequate procedures that ensure that absentee ballots are transmitted according to the preferred method designated by the voter constitutes a violation of Section 102(f)(1)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(f)(1)(A).

20.     In order to avoid the burdens, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that California's UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and submit marked absentee ballots in time for them to count for the June 5, 2012 Federal primary election, the parties agree that this Court should enter an order that certain counties that transmitted UOCAVA ballots late shall, at no expense to UOCAVA voters, provide for express mail service for the return of completed ballots by affected UOCAVA voters.  This remedy takes into account the extent to which some of the 11 counties have remediated to a sufficient degree their late transmission through express delivery or electronic transmission of the ballots and requires that four additional counties (San Francisco, San Mateo, Shasta, and Trinity) offer an express delivery return option to all of its UOCAVA voters whose ballots were transmitted late.  The parties also agree that the Secretary of State shall establish for implementation by the counties adequate procedures to ensure that the counties transmit absentee ballots by mail and electronically in accordance with the preferred method of transmission designated by UOCAVA voters.

Consent Decree 5

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, AND DECREED that:

(1) The Secretary of State shall issue a directive instructing the elections officials in the counties of San Francisco, San Mateo, Shasta, and Trinity, at no expense to UOCAVA voters, to provide an option for express delivery service for the return of marked ballots for all affected UOCAVA voters registered to vote in their counties through the courier company or delivery service most suitable and accessible to those voters. The Secretary of State shall issue a directive instructing the elections officials to email all affected UOCAVA voters for whom the counties have an email address to notify them that if they have not yet received their ballots, they may choose to receive their ballots for the June 5, 2012 Federal primary election by fax or email, instead of by postal mail, advise them of the options for returning the voted ballot by fax, and offer the voters the option to return the voted ballot by express delivery at no expense to UOCAVA voters. If the counties lack email addresses for affected voters, but do have fax numbers for such voters, the notification required by this paragraph shall be provided by fax. If the counties lack an email address or a fax number for affected voters, but do have a telephone number for such voters, the notification required by this paragraph shall be provided by telephone. The notice shall, at minimum: (a) explain that the deadline for the ballot to be executed and received by the county elections official is June 5, 2012 at 8:00 p.m.; (b) explain that the county will provide, at no expense to UOCAVA voters, for express delivery service for the return of marked ballots; (c) provide appropriate contact information at the Secretary of State's office for assistance.

(2) The Secretary of State shall issue a directive instructing the elections officials in Contra Costa, Fresno, Modoc, San Diego, Sierra, Tehama, and Ventura counties, to email any voter who was mailed a ballot late by postal mail, who has not already been emailed or sent a second ballot by express delivery, and for whom the counties have an email address to notify those voters that if they have not yet received their ballots, they may choose to

receive their ballots for the June 5, 2012 Federal primary election by fax or email, instead of by postal mail, advise them of the options for returning the ballot by fax, and offer the voters the option to return the voted ballot by express delivery, at no expense to UOCAVA voters.  If the counties lack an email address for affected voters, but do have fax numbers for such voters, the notification required by this paragraph shall be provided by fax.  The notice shall, at minimum: (a) explain that the deadline for the ballot to be executed and received by the county elections official is June 5, 2012 at 8:00 p.m.; (b) explain that the county will provide, at no expense to UOCAVA voters, for express delivery service for the return of marked ballots; (c) explain the rules for counting the ballots referenced in paragraph (5); and (d) provide appropriate contact information at the Secretary of State's office for assistance.

(3)     To ensure that UOCAVA voters who received two ballots will have their ballot validly counted, the Secretary of State shall establish a procedure providing which ballot shall be counted if both ballots are returned, and instruct the chief elections official in each county to notify all other elections officials and UOCAVA voters affected by this Order of these rules.

(4)     Upon entry of this Consent Decree, the Secretary of State shall notify the Director of the Federal Voting Assistance Program of the United States Department of Defense ("FVAP") and request assistance in notifying military and other eligible voters of the relief afforded by this agreement, and coordinate with FVAP as necessary to facilitate such notice.

(5)     Upon the entry of this Consent Decree, the Secretary of State shall take the following steps to endeavor to give affected voters notice of the contents of this agreement: issue a press statement for immediate release, posted immediately on the State's election information website, and distributed as broadly and immediately as practicable to national and local wire services, to radio and television broadcast stations, and to daily newspapers of general circulation in the State.  The release shall also be distributed to the Federal Voting Assistance Program; International Herald Tribune (http://www.iht.com); USA

Today International (http://www.usatoday.com); Military Times Media Group (cvinch@militarytimes.com); Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/); Stars and Stripes (www.estripes.com), and any other appropriate news media in the State of California.  The news release shall, at minimum:  (a) summarize this order, including a description that the option of express return of marked ballots has been offered in certain counties within the State; (b) notify affected UOCAVA voters that they may choose to receive their ballots for the June 5, 2012 Federal primary election by fax or email and return them by fax or express delivery as provided by this order; and (c) provide appropriate contact information at the Secretary of State's office.  The Secretary of State shall also prepare and distribute written public service announcements describing this Consent Decree for broadcast on radio and television networks, including but not limited to the media described above.

(6)     For each county that transmitted its UOCAVA ballots late, the Secretary of State shall provide a report to counsel of record for the United States no later than July 13, 2012, concerning the number of UOCAVA absentee ballots, by county, received and counted for the June 5, 2012 Federal primary election.  The report will set forth the following information, by county, categorized by absent uniformed services voters with APO/FPO addresses or non- U.S. street addresses; uniformed services voters at a street address within the U.S.; and overseas civilian voters:

   a.     The number of absentee ballots from UOCAVA voters received by the affected counties by 8:00 p.m. on June 5, 2012, and counted;

   b.     The number of absentee ballots from UOCAVA voters received later than 8:00 p.m. on June 5, 2012 for all of the affected counties; and

   c.     The number of absentee ballots from UOCAVA voters that were not counted in the June 5, 2012 Federal primary election in the affected counties, for reasons other than late receipt, and the reasons such ballots were not counted.

(7)     The Secretary of State shall establish for implementation by all 58 counties adequate procedures to ensure that the counties transmit absentee ballots by mail and

electronically in accordance with the preferred method of transmission designated by UOCAVA voters in all future Federal elections. The Secretary of State shall ensure that any forms, instructions, and materials used by the Secretary of State or provided by the Secretary of State to the State's counties reflect absentee ballot transmission procedures consistent with UOCAVA.

(8) In anticipation of the November 6, 2012 Federal general election, no later than August 1, 2012, the Secretary of State shall conduct a training program for at least one elections official who is responsible for UOCAVA implementation in each California county on the requirements of UOCAVA, as amended by the MOVE Act, and the need to send absentee ballots on time and by the voters' requested method of transmission. Training materials shall be developed in consultation with and approved by counsel for the United States.

(9) To ensure California's compliance with UOCAVA for the remaining 2012 and all future Federal elections conducted prior to the expiration of this decree, the Secretary of State shall gather the following information and report it to counsel of record for the United States:

    a. Beginning the 55th day prior to each Federal election, survey each California county to determine: (1) whether each county has received a sufficient number of printed absentee ballots sufficiently ahead of the 45-day mailing deadline to transmit those ballots as required by UOCAVA; (2) whether each county has the technical capacity to transmit all requested ballots by the requested method of transmission; (3) whether any county anticipates difficulties or a situation that would prevent it from transmitting all requested ballots to UOCAVA voters by the requested method of transmission and by the appropriate deadline; (4) what measures any such county will implement to address any difficulties or obstacles to transmitting all requested ballots to UOCAVA voters by the requested method and by the appropriate deadline; and (5) whether any county believes it needs additional support to ensure that it meets the appropriate deadlines. Where

additional support to the counties is appropriate, the Secretary of State shall provide it. The Secretary of State shall provide the results of the survey to counsel for the United States in a format agreed to by the parties no later than 5:00 p.m. Pacific time on the 48th day before each Federal election.

b. By the 43rd day prior to each Federal election, obtain from county elections officials written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county on or before the 45th day before each Federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; (2) the date on which the county began sending absentee ballots to those UOCAVA voters; (3) the date on which and method of transmission by which the county completed sending those absentee ballots; and (4) an affirmative declaration that all UOCAVA ballots requested by the 45th day were transmitted by the 45th day by the requested method of transmission;

c. Compile the data provided by the counties described in paragraph (10)(b) above into a spreadsheet format devised in consultation with the United States and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 p.m. Pacific time on the 42nd day before each Federal election;

d. Certify in writing to counsel for the United States that all of the data reported pursuant to paragraph (10)(b) of this Decree is accurate to the best of the Secretary of State's knowledge;

e. Obtain written or electronic certifications from county elections officials, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each county after the 45th day and on or before the 30th day before each Federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; and (2) the date on which and method of transmission by which the county sent the requested ballots; and (3) an affirmative declaration that all UOCAVA ballots requested after the 45th day and on or before

Consent Decree                                     10

the 30th day were transmitted promptly by the requested method of transmission;

  f. Compile the data provided by the counties described in paragraph (10)(e) above into a spreadsheet format devised in consultation with the United States and transmit the spreadsheet electronically to counsel for the United States no later than 5:00 p.m. Pacific time on the 29th day before each Federal election; and

  g. Certify in writing to counsel for the United States that all of the data reported pursuant to paragraph (10)(e) of this Decree is accurate to the best of the Secretary of State's knowledge.

(10) The Secretary of State shall maintain written records of all actions taken pursuant to this Consent Decree sufficient to document compliance with its terms.  Such records shall be made available to the United States upon request.

(11) The Secretary of State shall establish for implementation by all 58 counties procedures to ensure that all counties fully implement UOCAVA so that voters shall have the full opportunity to vote guaranteed by UOCAVA in future Federal elections, including determining the cause of the late mailed ballots and taking any necessary actions to prevent future violations arising from the State's election calendar or practices of the Secretary of State or California's counties.  The parties shall confer on the progress of these efforts, and the Secretary of State shall provide status reports to the United States by December 1, 2012; December 1, 2013; and December 1, 2014.

The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree and to ensure compliance with UOCAVA through December 31, 2014.  For good cause shown, any party may move to extend the consent decree or to reopen the case.

Consent Decree  11

AGREED AND CONSENTED TO this 25th day of May, 2012.

For the Plaintiff:

THOMAS E. PEREZ                                    BENJAMIN B. WAGNER
Assistant Attorney General                         United States Attorney
Civil Rights Division


/s/ Jaye Allison Sitton
T. CHRISTIAN HERREN, JR.
ABEL GOMEZ
JAYE ALLISON SITTON (D.C. Bar # 453655)
OLIMPIA E. MICHEL (N.Y. Bar # 4358321)
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
NWB 7254
Washington, D.C.  20530
Telephone:  (202) 305-4143
Facsimile:  (202) 307-3961


For Defendant Secretary of State:

KAMALA HARRIS
California Attorney General


/s/ George Waters    (as authorized on May 25, 2012)
GEORGE WATERS (Cal. Bar # 88295)
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 94244-2550
Sacramento, CA  94244
Telephone:  (916) 323-8050
Facsimile:  (916) 324-8835



SO ORDERED this 29th day of May, 2012.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE